**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TONJA WICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | Calendar ____ |
| AMERICAN TRANSMISSION, | ) | |
| COMPANY LLC | ) | Next Event: |
| | ) | |
| and | ) | |
| | ) | |
| ATC MANAGEMENT INC. | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>NOTICE OF REMOVAL</u>**

To:    United States District Court
       for the District of Columbia

       Superior Court of the District of Columbia

       Michael J. Hoare, Esq.
       MICHAEL J. HOARE, P.C.
       1101 14th Street, NW
       Suite 710
       Washington, DC  20005
       (202) 408-7901 (ph)
       (202) 408-7903 (fax)

       *Counsel for Plaintiff*

       PLEASE TAKE NOTICE that Defendants American Transmission Company LLC

("ATC") and ATC Management Inc. ("ATC Management") (collectively "Defendants"), hereby

remove this civil action from the Superior Court of the District of Columbia, pursuant to 28

U.S.C. §§ 1332, 1441 and 1446.  The grounds for this removal are as follows:

       1.       A civil action has been commenced and is now pending in the Superior Court for

the District of Columbia, wherein Tonja Wicks is the Plaintiff ("Plaintiff") and ATC and ATC

Management are the Defendants.  That action has been designated as Case No. 0007945-07 B by the Clerk of the aforementioned court.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, motions and orders thus far served upon or by Defendants in Case No. 0007945-07 B are attached hereto as Attachment A.

2.     Process in Case No. 0007945-07 B was served on the Defendants on or about December 6, 2007.  This Notice of Removal is filed within 30 days of service of the Complaint upon the Defendants and is therefore timely.

3.     This action is a civil action in which Plaintiff alleges claims of race and sex discrimination, race harassment and retaliation under the District of Columbia Human Rights Act based on her termination from ATC Management.

4.     Plaintiff Tonja Wicks is a resident of the District of Columbia.  *See* Compl. at 1.

5.     Defendant ATC is duly organized and incorporated as a limited liability company under the laws of Wisconsin, and its principal place of business is in Waukesha, Wisconsin.

6.     Defendant ATC Management is duly organized and incorporated as a corporate manager of Defendant ATC under the laws of Wisconsin, and its principal place of business is in Waukesha, Wisconsin.

7.     Plaintiff prays for judgment against Defendants in a sum that well exceeds $75,000.00, given that Plaintiff alleges that her wages and benefits at ATC are "worth approximately $210,000 per annum."  Compl. at 2 ¶ 10.  This is exclusive of interest, costs, attorney's fees and punitive damages being sought by Plaintiff.  Compl. at 6-7.  Thus, the amount in controversy well exceeds $75,000.00, exclusive of costs and attorneys' fees.

8.     Accordingly, the United States District Court for the District of Columbia has diversity jurisdiction over the above-referenced civil action.

DC1 30214368.3

WHEREFORE, for the reasons stated above, Case No. 0007945-07 B, pending in the

Superior Court of the District of Columbia should be removed to this Court.

Respectfully submitted,


AMERICAN TRANSMISSION
COMPANY LLC

and

ATC MANAGEMENT INC.

By _____
    James L. Banks, Jr., Bar No. 503261
    jbanks@seyfarth.com
    Eyana J. Smith, Bar No. 489466
    esmith@seyfarth.com
    Seyfarth Shaw LLP
    815 Connecticut Avenue, N.W.  Ste. 500
    Washington, DC  20006
    (202) 463-2400 (ph)
    (202) 828-5393 (fax)

    Attorneys for Defendants ATC and ATC
    Management

Date:  December 21, 2007

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal, was served by first-class

mail, postage prepaid, this 21st day of December, 2007, upon:

> Michael J. Hoare, Esq.
> MICHAEL J. HOARE, P.C.
> 1101 14th Street, NW
> Suite 710
> Washington, DC  20005
> (202) 408-7901 (ph)
> (202) 408-7903 (fax)
> *Counsel for Plaintiff*

I also certify that I have caused a copy of this Notice of Removal to be filed with the

Clerk of the Court of the Superior Court of the District of Columbia, in accordance with 28

U.S.C. § 1446(d) and have filed herewith as Attachment A all process, pleadings and orders

served upon or by Defendants, pursuant to 28 U.S.C. § 1446(a).

> _____
> Eyana J. Smith, Bar No. 489466
> Seyfarth Shaw LLP
> 815 Connecticut Avenue, N.W.  Ste. 500
> Washington, DC  20006
> (202) 463-2400 (ph)
> (202) 828-5393 (fax)
> esmith@seyfarth.com
>
> Attorneys for Defendants ATC and ATC
> Management

DC1 30214368.3

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| TONJA WICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 0007945-07 B |
| | ) | Calendar ____ |
| AMERICAN TRANSMISSION, | ) | |
| COMPANY LLC, *et. al.* | ) | Next Event: |
| Defendant. | ) | |
| _____ | ) | |

**NOTICE OF FILING NOTICE OF REMOVAL**

To:     The Clerk of the Superior Court
        of the District of Columbia

        Michael J. Hoare, Esq.
        MICHAEL J. HOARE, P.C.
        1101 14th Street, NW
        Suite 710
        Washington, DC  20005
        (202) 408-7901 (ph)
        (202) 408-7903 (fax)
        *Counsel for Plaintiff*


        PLEASE TAKE NOTICE that on this 21st day of December, 2007, Defendants American

Transmission Company LLC ("ATC") and ATC Management Inc. ("ATC Management")

(collectively "Defendants"), by their undersigned counsel, filed their Notice of Removal of this

action to the United States District Court for the District of Columbia.  A true copy of the Notice

of Removal is attached hereto as Exhibit 1.

Pursuant to 28 U.S.C. § 1446(d), the Superior Court of the District of Columbia may not proceed further with this matter.

Respectfully submitted,

AMERICAN TRANSMISSION
COMPANY LLC

and

ATC MANAGEMENT INC.

By _____/s/_____
    James L. Banks, Jr., Bar No. 503261
    jbanks@seyfarth.com
    Eyana J. Smith, Bar No. 489466
    esmith@seyfarth.com
    Seyfarth Shaw LLP
    815 Connecticut Avenue, N.W.  Ste. 500
    Washington, DC  20006
    (202) 463-2400 (ph)
    (202) 828-5393 (fax)

    Attorneys for Defendants ATC and ATC
    Management

Date:  December 21, 2007

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing Notice of Filing Notice of Removal, was served by electronic notification and first-class mail, postage prepaid, this 21st day of December, 2007, upon:

> Michael J. Hoare, Esq.
> MICHAEL J. HOARE, P.C.
> 1101 14th Street, NW
> Suite 710
> Washington, DC  20005
> (202) 408-7901 (ph)
> (202) 408-7903 (fax)
> *Counsel for Plaintiff*

> _____/s/_____
> Eyana J. Smith, Bar No. 489466
> Seyfarth Shaw LLP
> 815 Connecticut Avenue, N.W.  Ste. 500
> Washington, DC  20006
> (202) 463-2400 (ph)
> (202) 828-5393 (fax)
> esmith@seyfarth.com
>
> Attorneys for Defendants ATC and ATC Management

3





# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TONJA WICKS

Vs.                                                        C.A. No.        2007 CA 007945 B

AMERICAN TRANSMISSION COMPANY, LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MARY A TERRELL
Date:   December 5, 2007
Initial Conference: 9:00 am, Friday, March 14, 2008
Location:  Courtroom 219
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

TONJA WICKS

*Plaintiff*

vs.

Civil Action No. _0007945-07_ Ⓑ

AMERICAN TRANSMISSION COMPANY, LLC
Registered Agent
CT Corporation System  *Defendant*
1015 15th Street, NW, Suite 1000
Washington, DC 20005

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Michael J. Hoare
Name of Plaintiff's Attorney
MICHAEL J. HOARE, P.C.
1101 14th Street, NW, Suite 710     By _____
Address                                                    Deputy Clerk
Washington, DC 20005

(202) 408-7901                              Date _December 5, 2007_
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| TONJA WICKS | ) | |
| 210 14th St.,N.W. | ) | |
| Washington, D.C. 20002 | ) | |
| | ) | Civil Action No. |
| PLAINTIFF | ) | |
| | ) | 0007945--07 |
| v. | ) | |
| | ) | PLAINTIFF DEMANDS |
| AMERICAN TRANSMISSION | ) | HER TRIAL BY JURY |
| COMPANY, LLC; | ) | |
|     Registered Agent: | ) | |
|     CT Corporation System | ) | |
|     1015 15th Street, NW, Ste 1000 | ) | |
|     Washington, DC 20005 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ATC MANAGEMENT, INC.; | ) | |
|     Registered Agent: | ) | |
|     CT Corporation System | ) | |
|     1015 15th Street, NW, Ste 1000 | ) | |
|     Washington, DC 20005 | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |

RECEIVED
CIVIL CLERK'S OFFICE

DEC - 5 2007

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## COMPLAINT

Plaintiff brings this action to remedy the unlawful discrimination and retaliation she experienced in Defendant's workforce.

### I. JURISDICTION

1.     This court has jurisdiction over this action pursuant to the District of Columbia's Human Rights Act, D.C. Code § 2-1403.6.

## II.  PARTIES

2.      Defendant American Transmission Company, LLC owns approximately 9,000 miles of transmission lines in the upper Midwest used to convey energy.

3.      Defendant ATC Management, Inc. manages Defendant American Transmission Company, LLC.

4.      Defendant American Transmission Company, LLC and Defendant ATC Management, Inc. operate as joint employers or together constitute an integrated employer.

5.      Defendant American Transmission Company, LLC and Defendant ATC Management, Inc. are hereinafter referred to collectively as Defendant.

6.      Plaintiff was employed by defendant during the period January, 2006 through on/about February 7, 2007.

7.      Plaintiff was employed by Defendant in Washington, D.C.  as Defendant's Director, Federal Affairs.

8.      Plaintiff was responsible for management of Defendant's federal governmental affairs and served as the Defendant's liaison with the federal government's legislative and executive branches and regulatory agencies.

## III.  FACTS

9.      Plaintiff is an African American female.

10.     Plaintiff was compensated for her services with wages and benefits worth approximately $210,000 per annum.

11.     Plaintiff's supervisor evaluated her performance in December 2006 and concluded that "[o]verall, Tonja has done excellent work this year."

2

12.    Plaintiff's subordinate employee in Defendant's Washington, D.C. office, Bill Burlew, a white male, was employed by Defendant for several years prior to the commencement of Plaintiff's employment.

13.    Mr. Burlew unsuccessfully applied for the Director's position that Defendant awarded to Plaintiff.

14.    Mr. Burlew continued in Defendant's employ as Manager Federal Affairs in Defendant's Washington, D.C. office after the commencement of Plaintiff's employment.

15.    Mr. Burlew resisted Plaintiff's supervision and, among other things, complained about Plaintiff to executives and other persons inside and outside Defendant's organization.

16.    Plaintiff's immediate supervisor, Nina Plaushin, Director, Government and Regulatory Affairs, was aware of Mr. Burlew's conduct vis a vis Plaintiff and engaged the services of a consultant to evaluate the conflict between Plaintiff and Mr. Burlew and to resolve any problems.

17.    The consultant referenced above worked for months to evaluate and facilitate the relationship between Plaintiff and her subordinate employee.  Ultimately, the consultant recommended to Defendant's Human Resources Department that Mr. Burlew's employment be terminated.

18.    Ms. Plaushin advised Human Resources of her concerns regarding what she considered Mr. Burlew's unacceptable behavior towards Plaintiff and his refusal to comply with Plaintiff's supervisory prerogatives.

19.    Ms. Plaushin advised Human Resources to the effect that it may be necessary to institute a formal corrective action process for Mr. Burlew

3

20.    Ms. Plaushin, on/about her last day of employment with Defendant, November 15, 2006, recommended that Mr. Burlew be placed on probation in the first quarter of 2007 and that his continued employment be evaluated in the context of specific performance measurements.

21.    Defendant, on/about November 30, 2006, designated Randy Satterfield, Director, Government and Regulatory Affairs, to replace Nina Plaushin as Plaintiff's supervisor.

22.    Defendant's Mr. Satterfield had no prior working relationship with Plaintiff.

23.    Defendant's Mr. Satterfield changed Plaintiff's performance appraisal generated by Ms. Plaushin relative to 2006 to arbitrarily lower the ratings Ms. Plaushin had assigned to Plaintiff's performance.

24.    Defendant's Mr. Satterfield also resisted Plaintiff's appraisal of her subordinate employee, Mr. Burlew, and directed that Plaintiff delete material from her written evaluation of Mr. Burlew's performance appraisal that reflected his poor performance and possible misconduct.

25.    Plaintiff and others conveyed the belief to Mr. Satterfield and others in Defendant's Human Resources function that Bill Burlew's conflict with, and opposition to, Plaintiff was based, in relevant part, on her status as an African American.

26.    Defendant failed and/or refused to support Plaintiff in her attempts to manage Mr. Burlew.

27.    Plaintiff's difficulties with Bill Burlew was not the first instance when a subordinate employee in Defendant's workforce resisted supervision.  In instances when this happened previously, Defendant terminated the subordinate employee.  In other instances when this happened, the supervisor was provided coaching regarding management skills.  In each such

4

instance the supervisor was white and male.

28.     Defendant's workforce has been predominately white and male.  Defendant subjects its female employees to different terms and conditions of employment than those applied to male employees.

29.     Defendant terminated Plaintiff on February 7, 2007 on the pretext that she could not work harmoniously with Bill Burlew.

30.     Defendant terminated Plaintiff in relevant part because of her race and sex.

31.     Defendant's conduct caused Plaintiff to experience pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

32.     Defendant's conduct was outrageous, malicious, wanton, reckless and/or in willful disregard for Plaintiff's rights under the law.

33.     Defendant's conduct has caused Plaintiff to lose income and benefits and to incur responsibility for attorney's fees and litigation expenses.

## IV.  CLAIMS

### COUNT 1

### D.C. Human Rights Act - Racial Harassment

34.     Plaintiff incorporates herein, as though fully set out, the allegations set forth above.

35.     Plaintiff's difficulties with Bill Burlew were race-based, unwelcome, offensive and sufficiently severe or pervasive to render Plaintiff's work environment hostile or abusive.

36.     Plaintiff's difficulties with Bill Burlew were known to Defendant.

37.     Defendant failed to or refused to assist Plaintiff.

38.    Defendant failed to or refused to curtail Bill Burlew's offensive conduct.

39.    Defendant's conduct constituted unlawful racial harassment within the meaning of the District of Columbia's Human Rights Act, D.C. Code, Section 2-1402-11(a)(1), et seq.

## COUNT 2

### D.C. Human Rights Act - Race/Sex Discrimination

40.    Plaintiff incorporates herein, as though fully set out, the allegations set forth above.

41.    Defendant's conduct constituted unlawful discrimination because of sex, race or race and sex within the meaning of the District of Columbia's Human Rights Act, D.C. Code, Section 2 - 1402-11(a)(1), et seq.

## COUNT 3
### D.C. Human Rights - Retaliation

42.    Plaintiff Incorporates herein, as though fully set out, the allegations set forth above.

43.    Defendant terminated Plaintiff's employment at least in part because she complained regarding possible discrimination.

44.    Defendant's conduct constituted unlawful retaliation within the meaning of the District of Columbia's Human Rights Act, D.C. Code, Section 2 - 1402.61(b).

## V. JURY TRIAL AND RELIEF

45.    Plaintiff demands her trial by jury.

Wherefore, Plaintiff prays for judgment against Defendants jointly and severally for all

6

compensatory and punitive damages, prejudgment interest, reasonable attorneys fees and costs herein expended and other relief as the court deems just and proper.

Respectfully Submitted,

Michael J. Hoare
MICHAEL J. HOARE, P.C.
1101 14th Street, NW
Suite 710
Washington, D.C. 20005
(202) 408.7901
Fax: (202) 408.7903
mjh@michaeljhoare.com

7

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| TONJA WICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 0007945-07 B |
| | ) | Calendar ___ |
| AMERICAN TRANSMISSION, | ) | |
| COMPANY LLC, *et. al.* | ) | Next Event: |
| Defendant. | ) | |
| _____ | ) | |

**<u>DEFENDANTS' RULE 7.1 DISCLOSURE STATEMENT</u>**

Pursuant to Rule 7.1 of the District of Columbia Superior Court Rules of Civil Procedure, Defendants American Transmission Company LLC ("ATC") and ATC Management Inc. ("ATC Management"), by and through their undersigned counsel, hereby certify as follows:

1.      ATC is a Wisconsin limited liability company.  ATC Management is the incorporated corporate manager of ATC.  The two entities transact business as a single transmission company.

2.      The following publicly held corporations own over 10% of ATC or ATC Management's stock:  WPL Transco LLC (a subsidiary of Alliant Energy), Wisconsin Electric Power Company (a subsidiary of Wisconsin Energy Corporation, dba We Energies), and WPS Investments, LLC (a subsidiary of Wisconsin Public Service Corporation).

Respectfully submitted,


AMERICAN TRANSMISSION
COMPANY LLC

and

ATC MANAGEMENT INC.


By _____/s/_____
    James L. Banks, Jr., Bar No. 503261
    jbanks@seyfarth.com
    Eyana J. Smith, Bar No. 489466
    esmith@seyfarth.com
    Seyfarth Shaw LLP
    815 Connecticut Avenue, N.W.  Ste. 500
    Washington, DC  20006
    (202) 463-2400 (ph)
    (202) 828-5393 (fax)

    Attorneys for Defendants ATC and ATC
    Management

Date:  December 21, 2007

2

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Defendants' Rule 7.1

Disclosure Statement was served via electronic notification and first class mail this 21st day

December 2007, upon the following:

Michael J. Hoare, Esq.
MICHAEL J. HOARE, P.C.
1101 14th Street, NW
Suite 710
Washington, DC  20005
(202) 408-7901 (ph)
(202) 408-7903 (fax)
*Counsel for Plaintiff*

_____/s/_____
Eyana J. Smith, Bar No. 489466
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W.  Ste. 500
Washington, DC  20006
(202) 463-2400 (ph)
(202) 828-5393 (fax)
esmith@seyfarth.com

Attorneys for Defendants ATC and ATC
Management

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| TONJA WICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 0007945-07 B |
| | ) | Calendar ___ |
| AMERICAN TRANSMISSION, | ) | |
| COMPANY LLC, *et. al.* | ) | Next Event: |
| Defendant. | ) | |
| _____ | ) | |

## <u>ANSWER</u>

Defendants American Transmission Company LLC ("ATC") and ATC Management Inc. ("ATC Management") (collectively "Defendants") and by and through undersigned counsel and pursuant to Rule 12 of the District of Columbia Superior Court Rules of Civil Procedure, respectfully answers Plaintiff Tonja Wicks' ("Plaintiff") Complaint as follows:

### I.    <u>JURISDICTION</u>

1.    Defendants deny the allegations in paragraph 1 of Plaintiff's Complaint.

### II.    <u>PARTIES</u>

2.    Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.    Defendants admits that ATC Management acts as the corporate manager for ATC.

4.    Defendants deny the allegations in paragraph 4 of Plaintiff's Complaint.

5.    The allegations in paragraph 5 of Plaintiff's Complaint as worded do not require a response.  To the extent a further response is required, Defendants deny the allegations in said paragraph.

6.      Defendants admit that Plaintiff was employed by ATC Management.  Defendants deny all other allegations in paragraph 6 of Plaintiff's Complaint.

7.      Defendants admit that Plaintiff was employed by ATC Management in ATC's Washington, DC office.  Defendants deny all other allegations in paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit that Plaintiff was hired in the position of Director, Federal Affairs and was responsible for the duties and obligations of that position.  To the extent that the allegations in paragraph 8 mischaracterize, conflict with, maximize or overstate said duties and obligations, Defendants deny all other allegations in paragraph 8 of Plaintiff's Complaint.

### III.    FACTS

9.      Defendants admit the allegations in paragraph 9 of Plaintiff's Complaint.

10.     Defendants are without sufficient knowledge and/or information to admit or deny paragraph 10 of Plaintiff's Complaint, and thus deny the allegations contained therein.

11.     Defendants admit that ATC completed an evaluation for Plaintiff in 2006, but deny all remaining allegations in paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations in paragraph 12 of Plaintiff's Complaint.

13.     Defendants admit that William Burlew was not appointed to the Director, Federal Affairs position.  Defendants deny all remaining allegations in paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit the allegations in paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Defendants admit that ATC hired consultants to evaluate the management relationship between William Burlew and Plaintiff, but denies all remaining allegations in paragraph 16 of Plaintiff's Complaint.

2

17.     Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint.

20.     Defendants admit that Nina Plaushin made certain recommendations regarding the relationship between Plaintiff and William Burlew prior to her departure from ATC, but because the allegations in paragraph 20 paraphrase rather than quote Ms. Plaushin, Defendants deny the allegations contained therein.

21.     Defendants admit the allegations in paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint based on the vagueness of the term "working relationship."

23.     Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendants admit that Plaintiff was terminated on February 7 2007, in whole, or in part, because of various management, judgment, communication and performance deficiencies.  Defendants deny the remaining allegations in paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint. Defendants further deny that Plaintiff has been injured or that she has suffered any damages as a

result of any wrongful conduct on the part of Defendants, and further deny that Plaintiff is

entitled to any of the relief requested in paragraph 31 of Plaintiff's Complaint.

32.    Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

Defendants further deny that Defendants have engaged in any unlawful conduct or behavior with

respect to Plaintiff and/or her employment at ATC.

33.    Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

Defendants further deny that Plaintiff has been injured or that she has suffered any damages as a

result of any conduct on the part of Defendants, and further deny that Plaintiff is entitled to any

of the relief requested in paragraph 33.

IV.    CLAIMS – COUNT 1 (D.C. Human Rights Act – Racial Harassment)

34.    Defendants hereby incorporate by reference their responses to the allegations set

forth in paragraphs 1 though 33.

35.    Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36.    Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37.    Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38.    Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39.    Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

Defendants further deny that Defendants have engaged in any unlawful conduct or behavior with

respect to Plaintiff and/or her employment at ATC.

COUNT 2 (D.C. Human Rights Act – Race/Sex Discrimination)

40.    Defendants hereby incorporate by reference their responses to the allegations set

forth in paragraphs 1 though 39.

41.    Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.  Defendants further deny that Defendants have engaged in any unlawful conduct or behavior with respect to Plaintiff and/or her employment at ATC.

## COUNT 3 (D.C. Human Rights Act - Retaliation)

42.    Defendants hereby incorporate by reference its responses to the allegations set forth in paragraphs 1 though 41.

43.    Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44.    Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.  Defendants further deny that Defendants have engaged in any unlawful conduct or behavior with respect to Plaintiff and/or her employment at ATC.

## V.      JURY TRIAL AND RELIEF

45.    Plaintiff's jury demand does not require a response.  To the extent a response is required, Defendants deny the allegations of the jury demand and deny that Plaintiff is entitled to a jury trial on all items of relief requested.

## **AFFIRMATIVE DEFENSES**

By pleading the following as Affirmative Defenses, Defendants do not concede that each of the matters covered by the numbered defenses is to be proven by said Defendants, and Defendants reserve the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the alleged damages.  Without prejudice to its denials and other statements of its pleadings, Defendants allege the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendants fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff her protected rights and are not so wanton or willful as to support an award of punitive damages.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's claim against Defendants for punitive damages is barred because Defendant has engaged in good faith efforts to comply with federal, state and local anti-discrimination laws.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Defendants state that all actions taken with respect to Plaintiff's employment with Defendants were legitimate, based on lawful reasons and in accordance with Company policy and applicable laws.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the doctrines of estoppel and laches.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to mitigate damages properly.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

While Defendants expressly deny that any of their employees, officers or agents acted in any manner that would constitute discrimination and/or retaliation in violation of the D.C. Human Rights Act, and if Plaintiff's rights were violated, any such violation occurred outside the scope of employment or agency and without the consent of Defendants.  Defendants did not authorize, condone, ratify or tolerate discrimination or retaliation, but instead prohibited it, and such conduct may not be attributed to Defendants through principles of agency, respondeat superior or otherwise.

6

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Defendants specifically reserve the right to amend this Answer by additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

WHEREFORE, Defendants respectfully request judgment dismissing the Complaint in its entirety and that judgment be entered in their favor and that they be awarded their costs, inclusive of attorneys' fees and such other relief as the Court may deem just and proper

Respectfully submitted,


AMERICAN TRANSMISSION COMPANY LLC

and

ATC MANAGEMENT INC.


By ____/s/_____
    James L. Banks, Jr., Bar No. 503261
    jbanks@seyfarth.com
    Eyana J. Smith, Bar No. 489466
    esmith@seyfarth.com
    Seyfarth Shaw LLP
    815 Connecticut Avenue, N.W.  Ste. 500
    Washington, DC  20006
    (202) 463-2400 (ph)
    (202) 828-5393 (fax)

    Attorneys for Defendants ATC and ATC Management

Date:  December 21, 2007

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served via

electronic notification and first class mail this 21st day December 2007, upon the following:

> Michael J. Hoare, Esq.
> MICHAEL J. HOARE, P.C.
> 1101 14th Street, NW
> Suite 710
> Washington, DC  20005
> (202) 408-7901 (ph)
> (202) 408-7903 (fax)
> *Counsel for Plaintiff*


> _____/s/_____
> Eyana J. Smith, Bar No. 489466
> Seyfarth Shaw LLP
> 815 Connecticut Avenue, N.W.  Ste. 500
> Washington, DC  20006
> (202) 463-2400 (ph)
> (202) 828-5393 (fax)
> esmith@seyfarth.com
>
> Attorneys for Defendants ATC and ATC
> Management

8

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

TONJA WICKS,                                    )
                                                )
      Plaintiff,                             )
                                                )
      v.                                      )          Civil Action No. 0007945-07 B
                                                )          Calendar ___
AMERICAN TRANSMISSION,                          )
COMPANY LLC, *et. al.*                          )          Next Event:
      Defendant.                          )
                                                )
_____)

## NOTICE OF FILING NOTICE OF REMOVAL

To:    The Clerk of the Superior Court
       of the District of Columbia

       Michael J. Hoare, Esq.
       MICHAEL J. HOARE, P.C.
       1101 14th Street, NW
       Suite 710
       Washington, DC  20005
       (202) 408-7901 (ph)
       (202) 408-7903 (fax)
       *Counsel for Plaintiff*

PLEASE TAKE NOTICE that on this 21st day of December, 2007, Defendants American

Transmission Company LLC ("ATC") and ATC Management Inc. ("ATC Management")

(collectively "Defendants"), by their undersigned counsel, filed their Notice of Removal of this

action to the United States District Court for the District of Columbia.  A true copy of the Notice

of Removal is attached hereto as Exhibit 1.

Pursuant to 28 U.S.C. § 1446(d), the Superior Court of the District of Columbia may not

proceed further with this matter.

Respectfully submitted,


AMERICAN TRANSMISSION
COMPANY LLC

and

ATC MANAGEMENT INC.


By _____/s/_____
    James L. Banks, Jr., Bar No. 503261
    jbanks@seyfarth.com
    Eyana J. Smith, Bar No. 489466
    esmith@seyfarth.com
    Seyfarth Shaw LLP
    815 Connecticut Avenue, N.W.  Ste. 500
    Washington, DC  20006
    (202) 463-2400 (ph)
    (202) 828-5393 (fax)

    Attorneys for Defendants ATC and ATC
    Management

Date:  December 21, 2007

DC1 30214368.3

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing Notice of Filing Notice of Removal, was served

by electronic notification and first-class mail, postage prepaid, this 21st day of December, 2007,

upon:

> Michael J. Hoare, Esq.
> MICHAEL J. HOARE, P.C.
> 1101 14th Street, NW
> Suite 710
> Washington, DC  20005
> (202) 408-7901 (ph)
> (202) 408-7903 (fax)
> *Counsel for Plaintiff*


> <u>/s/</u>
> Eyana J. Smith, Bar No. 489466
> Seyfarth Shaw LLP
> 815 Connecticut Avenue, N.W.  Ste. 500
> Washington, DC  20006
> (202) 463-2400 (ph)
> (202) 828-5393 (fax)
> esmith@seyfarth.com
>
> Attorneys for Defendants ATC and ATC
> Management

DC1 30214368.3

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TONJA WICKS | AMERICAN TRANSMISSION COMPANY, LLC and ATC MANAGEMENT, INC. |

|  |  |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) _____ NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Michael J. Hoare<br>Michael J. Hoare PC<br>1101 14th Street, N.W., Suite 710<br>Washington, DC 20005<br>202-408-7901 | James L. Banks/Eyana Smith<br>Seyfarth Shaw LLP<br>815 Connecticut Ave., N.W., Suite 500<br>Washington, DC 20006<br>202-463-2400 |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)          OR          ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ⊗ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Removal under diversity jurisdiction, 28 U.S.C. § 1332, 1441 and 1446.
└─ of employment discrimination action

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ over $200,000    Check YES only if demanded in complaint JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐  NO ☒    If yes, please complete related case form.

DATE  12/21/07    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Tonya Wicks_

**Plaintiff**

v.                                          Civil Action No.

_American Transmission_

**Defendant**   _et. al_

    The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge ~~KENNEDY, JR. J. HHK~~. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Sherry Horn_

Deputy Clerk

cc: _Michael Hoare_

929A
Rev. 7/02