**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TONJA WICKS ) <br> 210 14th St.,N.W. ) <br> Washington, D.C. 20002 ) <br> ) <br> PLAINTIFF ) <br> ) <br> v. ) <br> ) <br> AMERICAN TRANSMISSION ) <br> COMPANY LLC; ) <br> ) <br> and ) <br> ) <br> ATC MANAGEMENT INC.; ) <br> ) <br> DEFENDANTS ) <br> _____) | Civil Action No.  07-02313 (HHK) |

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, counsel in the above-captioned matter submits this report regarding the issues discussed during the parties' LCvR 16.3 Conference.

**I.     STATEMENT OF THE CASE**

Plaintiff Tonja Wicks is a former employee of Defendant ATC Management, Inc. ("ATC Management"), which is the corporate manager for Defendant American Transmission Company LLC ("ATC") (collectively "Defendants"), an energy provider in the Midwest.  Plaintiff was employed in ATC's Washington, D.C. office as the Director, Federal Affairs until her termination in February 2007.  On December 5, 2007, Plaintiff, an African American female, filed suit against the Defendants in the Superior Court for the District of Columbia alleging race/sex discrimination, racial harassment, and retaliation under the District of Columbia Human Rights Act.  The case was removed to this Court on December 21, 2007.

II.  **RULE 16.3 REPORT**

1. <u>Status of Dispositive Motions</u>.  Plaintiff does not believe that this action is susceptible to disposition by dispositive motion.  Defendants disagree, and intend to file a motion for summary judgment in this matter.

2. <u>Amended Pleadings</u>:  Parties do not at this time anticipate that it will be necessary to join third parties or amend the pleadings.  The parties reserves their right to amend their pleadings should the occasion arise.

3. <u>Assignment to Magistrate Judge</u>:  The parties do not consent to assignment of a magistrate judge for trial.

4. <u>Settlement Possibility</u>:  Plaintiff is willing to entertain the possibility of settlement.  Defendants do not foresee a possibility for settlement at this time.

5. <u>Alternative Dispute Procedures</u>:  Plaintiff is willing to entertain the possibility of Alternative Dispute Resolution.  Defendants are not willing to participate in Alternative Dispute Resolution at this time.

6. <u>Dispositive Motions</u>:  The parties agree that dispositive motions may be filed on or before September 15, 2008, that any opposition to such motions may be filed on or before October 17, 2008, and that any reply should be filed on or before October 31, 2008, or in accordance to the scheduling order provided by the Court.

7. <u>Initial Disclosures</u>:  The parties request that initial disclosures be exchanged on or before February 12, 2008.

8. <u>Discovery</u>:  The parties request six months to complete discovery.  Plaintiff served her first request for production of documents and her first interrogatories upon Defendants' representative by hand on December 7, 2007, when the case

was pending in the D.C. Superior Court. Defendants removed the case to this Court on December 21, 2007, 14 days later. Plaintiff request that Defendants respond to the foregoing discovery within 16 days of the Rule 26(f) conference, and that Court order Defendants to do so.

Defendants take the position that under Fed. R. Civ. P. 26(d), discovery cannot be issued prior to a Rule 26(f) conference, and therefore Plaintiff's discovery issued in the D.C. Superior Court is not binding upon Defendants. Defendants have proposed that both parties exchange discovery in this Court at the February 11 initial scheduling conference, and that Defendants be given the prescribed time period under the Federal Rules to respond accordingly. Plaintiff's position is that the discovery was effective at the time that it was served, and that the intervening act of Defendants in removing this action should not result in significant additional time within which to respond to discovery which they have had in their possession for almost two months.

Plaintiff and Defendants each agree they will not object to the other side exercising the presumptive limits of discovery set forth in the Federal Rules of Civil Procedure. Plaintiff may seek leave of court to conduct additional depositions. The parties request that discovery close on or before August 11, 2008.

9. <u>Experts</u>: At this time, the parties have not retained expert witnesses in this matter. The parties reserve the right to consider the designation of an expert as deemed necessary during its investigation of, discovery in, and litigation of this case.

10. <u>Class Action Procedures</u>: Plaintiff reserves her right to assert such an action

    should it appear appropriate as discovery proceeds.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not believe this matter should be bifurcated.

12. <u>Proposed Date for the Pretrial Conference</u>:  The parties believe that a pretrial conference should be scheduled within 60 days after the Court rules on any motions for summary judgment that may be filed, or within 60 days of the close of discovery if no motions for summary judgment are filed.

13. <u>Trial Date</u>:  The parties agree that, if necessary, a trial date should be set at the pretrial conference.

14. <u>Electronic Discovery</u>:  Defendants agree to provide hard copies of responsive electronic documents and/or communications, subject to privilege, the work product doctrine, and other objections.  The parties agree to revisit this arrangement in the event that Defendants subsequently find a large number of responsive electronically stored information.  Defendants reserve the right to identify such documents as not reasonably accessible in accordance with Fed. R. Civ. P. 26(b)(2)(B).

The parties hereby certify that all items required to be discussed by Rule 26(f) and LCvR 16.3 (c) were addressed.

                                          Respectfully submitted,

Date:  January 29, 2008                /s/ Michael J. Hoare  
                                          Michael J. Hoare (D.C. Bar 206979)  
                                          Michael J. Hoare, P.C.  
                                          1101 14th Street, N.W., Suite 710  
                                          Washington, D.C.  20005  
                                          (202) 408.7901

        (202) 408.7903 - facsimile
*Attorney for Plaintiff*

Date:  January 29, 2008        /s/
        James L. Banks, Esq., Bar No. 503261
        Eyana J. Smith, Esq., Bar No. 489466
        Seyfarth Shaw, LLP
        815 Connecticut Avenue, N.W., Suite 500
        Washington, D.C. 20006
        (202) 828.5380
        (202) 828.5393 - facsimile
        *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TONJA WICKS             )<br>                                         )<br>         PLAINTIFF       )<br>                                         )<br>v.                                     )<br>                                         )<br>AMERICAN TRANSMISSION )<br>COMPANY, LLC, et al.,    )<br>                                         )<br>         DEFENDANTS   )<br>_____) | Civil Action No. 07-02313 (HHK) |

**PROPOSED SCHEDULING ORDER**

The Court, having considered the Joint Report of the Parties, enters the following Scheduling Order, in this matter:

1. The parties shall exchange initial disclosures on or before February 12, 2008;

2. All discovery in this action shall be completed on or before August 11, 2008;

3. Any Motion for Summary Judgment shall be filed on or before September 15, 2008. Any Opposition to that Motion shall be filed on or before October 17, 2008, and any Reply should be filed on or before October 31, 2008.

4. The pretrial conference in this matter shall be held on _____ at _____m.

So Ordered, this __ day of _____, 2008.

_____
Judge Kennedy