IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONJA WICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2313 |
| ) | |
| AMERICAN TRANSMISSION ) | Judge Henry H. Kennedy, Jr. |
| COMPANY LLC, et al. ) | Next Event: Mediation |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSENT
MOTION FOR A STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 7(a) of the Local Rules of the United States District Court for the District of Columbia, Plaintiff Tonja Wicks ("Plaintiff") and Defendants American Transmission Company LLC ("ATC") and ATC Management Inc. ("ATC Management"), collectively ("Defendants"), by and through undersigned counsel, hereby move this Court to grant their Motion for Stipulated Protective Order in the above-captioned matter. In support of this Motion, the undersigned states as follows:

1. On March 5, 2008, counsel for Defendants requested that Plaintiff enter into a stipulated protective order for all discovery designated as confidential material in this matter between the respective parties.

2. After multiple discussions by the parties, on March 10, 2008, Plaintiff by and through counsel, agreed to the attached stipulated protective order.

3. The parties have agreed to and signed a stipulated protective order governing discovery between the Defendants and Plaintiff in this matter. *See* Stipulated Protective Order, at Exhibit 1.

DC1 30224968.2

WHEREFORE, the parties respectfully request that the Court grant their Motion and enter the Stipulated Protective Order as an order governing discovery between the respective parties in this matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | AMERICAN TRANSMISSION COMPANY LLC |
| TONJA WICKS | and<br>ATC MANAGEMENT INC. |
| By /s/ Michael J. Hoare | By /s/ James L. Banks, Jr. |
| Michael J. Hoare, Bar No. 206979<br>Michael J. Hoare, PC<br>1100 14th Street, NW<br>Suite 710<br>Washington, DC 20005<br>(202) 408-7901 (ph)<br>(202) 408-7903 (fax)<br>Attorneys for Plaintiff | James L. Banks, Jr., Bar No. 503261<br>Eyana J. Smith, Bar No. 489466<br>Seyfarth Shaw LLP<br>815 Connecticut Avenue, N.W. Ste. 500<br>Washington, DC 20006<br>(202) 463-2400 (ph)<br>(202) 828-5393 (fax)<br>Attorneys for Defendants |

Date: March 11, 2008

DC1 30224968.2

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Consent Motion For A Stipulated Protective Order, and supporting memorandum and order, were served via electronic notification and U.S. Mail this 11th day March 2008, upon the following:

> Michael J. Hoare, Esq.
> MICHAEL J. HOARE, P.C.
> 1101 14th Street, NW
> Suite 710
> Washington, DC 20005
> (202) 408-7901 (ph)
> (202) 408-7903 (fax)
> *Counsel for Plaintiff*

／s/ Eyana J. Smith
Eyana J. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONJA WICKS, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN TRANSMISSION )<br>COMPANY LLC, et al. )<br>)<br>      Defendants. )<br>) | Civil Action No. 07-2313<br><br>Judge Henry H. Kennedy, Jr.<br>Next Event: Mediation |

## STIPULATED PROTECTIVE ORDER

With respect to any documents produced or received by Plaintiff Tonja Wicks ("Plaintiff") or Defendants American Transmission Company LLC ("ATC") and ATC Management Inc. ("ATC Management"), collectively ("Defendants"), pursuant to written request, interrogatory, stipulation, subpoena, motion or deposition, or any other information obtained by Plaintiff or Defendants in this case that may be designated by Plaintiff or Defendants as being confidential (hereinafter referred to as "confidential material"),

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS ACTION, THROUGH THEIR COUNSEL, THAT:

1. <u>Scope of order</u>. Plaintiff, Defendants, and their attorneys shall utilize confidential material, designated as "confidential," solely in accordance with the provisions of this Order, and other than as provided herein, confidential material, including all excerpts or quotes there from or copies or summaries thereof, may not be disclosed to any person. Confidential material shall be so designated by stamping or labeling copies of the documents with the legend "CONFIDENTIAL."

DC1 30224537.3

2. <u>"Confidential material" defined</u>. "Confidential material" shall include personnel records of any person, and any and all documents comprising, or referencing processes, operations, procedures, business methods, marketing methods, types of work, or apparatus, services, sales, purchases, clients, customers, vendors, contractors, consultants, projects, restructurings, internal structure, and/or financial information (including budgets, and amount and source of any income, profits, losses, or expenditures).

3. <u>Proposal of New Materials For Coverage Under the Order</u>. Any party may request that any category of document other than those identified in paragraph 2 be included as a "confidential material," or that any specific document be included as a "confidential material," by direct good faith discussions with counsel for the other party. If an agreement is not reached, then the issue will be discussed with and resolved by the Court, consistent with Paragraph 10(c). Until the coverage issue is decided by agreement among the parties or determination by the Court, the parties will treat the proposed category or specific document as "confidential material" that is covered by the Order.

4. <u>Use of Confidential Material</u>. Confidential material shall be used by persons to whom it is disclosed pursuant to this Order solely for the purpose of the prosecution, defense, or settlement of this action, and not for any other business or other purpose. The provisions of this Order shall not restrict the disclosure of confidential material by Plaintiff, Defendants, or their counsel of record for the purposes detailed in this Order.

5. <u>Use of Confidential Material by Counsel</u>. Plaintiff, Defendants, or their attorneys may disclose confidential material only to paralegal staff, clerical support, and secretarial staff employed by their attorneys, to witnesses or potential witnesses in this action, to court reporters employed in this action, or to any person, and their support staff, if any, who Plaintiff,

2

Defendants, or their attorneys retain, engage, or seek to render assistance or information in the prosecution, defense, or settlement of the case (*e.g.*, experts, consultants, employees, and former employees).

6. <u>Conditions of Disclosure to Others</u>. Prior to the release or disclosure of confidential material to any person covered by Paragraph 5, counsel shall ensure that the individual has been informed of the confidential nature of the material produced and of the existence of this Protective Order and understands that the Court has the power to enforce the Protective Order. Good faith efforts shall be made to provide each such person with a copy of the Protective Order.

7. <u>Obligations Imposed on Persons to Whom Disclosure is Made</u>. Each person to whom any confidential material is disclosed or released shall:

   a. maintain the material in a safe and secure location;

   b. not reveal the contents of the material to any person other than the parties permitted to have access pursuant to this protective Order; and

   c. use the material only for the purpose of discovering potentially relevant evidence, testifying, presenting evidence and/or assisting counsel in this action, or otherwise prosecuting, defending, or settling the case.

8. <u>Disclosure Defined</u>. A disclosure shall mean disclosure of the entire contents of a document, or portions of its substantive content by quotation in part or in whole. Disclosure shall also mean filing confidential material on the public record, excluding, however, as otherwise permitted under this Order.

9. <u>Discovery materials</u>. Specific interrogatory answers, responses to requests to produce documents, testimony taken at a deposition, conference, hearing or trial, and deposition

3

exhibits may include and be designated as confidential material. With respect to testimony taken at a deposition, conference, hearing or trial, such may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. Depositions in which confidential material will be disclosed shall be taken only in the presence of Plaintiff, Defendants, their attorneys, and persons identified in Paragraph 5 above.

10.  Use In Filings and at The Hearing.

a. To the extent that any confidential material (or any pleading, motion or memorandum referring to any portion thereof) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed with the Court in an envelope marked "DOCUMENTS SUBJECT TO PROTECTIVE ORDER DATED _____". Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall file them as set forth above. The Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including appeals.

b.  In the event that any confidential material is used in any proceeding in this action, it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to maintain its confidentiality during such use.

c.  This Order shall be without prejudice to the right of either party to bring before the Court by motion the question of whether any particular document or information is confidential or whether its use should be restricted. The party designating the material as

confidential shall bear the burden of proving the confidentiality of the information or document. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

d.  Nothing in this agreement restricts the use of confidential information in the hearing of this case. This order is without prejudice to any party making a motion governing the use of confidential evidence at trial.

11.  Agreement of Confidentiality. Prior to the issuance of this Order by the Court, the parties agree to maintain the confidentiality of any and all documents designated as "confidential materials" in accordance with this agreement, as if said Order had been executed. In the event the Court does not execute this Order, the parties agree to file a mutually agreeable revised protective order that meets the Court's specifications and protects the confidentiality of said documents.

12.  Disgorgement Upon Completion of the Action. Within forty-five (45) days of the termination of this action, including all appeals, whether by decision, settlement, lapse of time or otherwise, Plaintiff, Defendants, and their attorneys of record will return to respective opposing counsel all copies of all documents containing any confidential material or other documents containing confidential material, or certify that all copies of confidential material have been destroyed, except that counsel may retain a single copy of any document used as a deposition or trial exhibit so long as these exhibits are handled in a manner consistent with this order.

13.  Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed required protection greater than that afforded by Paragraph 1 of this Order unless the party claiming a

need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

14. <u>Survival of Stipulation and Order</u>. This Stipulation and Order shall survive the termination of this action.

15. <u>Party Consent to Stipulation</u>. By signing below, counsel represent and warrant that they have discussed this Stipulation and Order with their respective clients and that they are authorized to, and do hereby bind their respective clients to the terms of this Stipulation and Order. In the event that additional individuals or entities become a party to this action, such parties shall be required to agree to this Stipulation and Order prior to receiving any Confidential Material, or any portion thereof.

WE ASK THAT THIS ORDER BE ENTERED.

|  |  |
|---|---|
| TONJA WICKS | AMERICAN TRANSMISSION COMPANY LLC<br><br>and<br><br>ATC MANAGEMENT INC. |
| By  /s/ Michael J. Hoare<br>  Michael J. Hoare, Bar No. 206979<br>  Michael J. Hoare, PC<br>  1100 14th Street, NW<br>  Suite 710<br>  Washington, DC  20005<br>  (202) 408-7901 (ph)<br>  (202) 408-7903 (fax)<br>  Attorneys for Plaintiff | By   /s/ James L. Banks, Jr.<br>  James L. Banks, Jr., Bar No. 503261<br>  Eyana J. Smith, Bar No. 489466<br>  Seyfarth Shaw LLP<br>  815 Connecticut Avenue, N.W.  Ste. 500<br>  Washington, DC  20006<br>  (202) 463-2400 (ph)<br>  (202) 828-5393 (fax)<br>  Attorneys for Defendants |

| | |
|---|---|
| So ORDERED this ____day of _____,<br>2008. | _____<br>Henry H. Kennedy, Jr.<br>United States District Court Judge |

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONJA WICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2313 |
| ) | |
| AMERICAN TRANSMISSION ) | Judge Henry H. Kennedy, Jr. |
| COMPANY LLC, et al. ) | Next Event: Mediation |
| ) | |
| Defendants. ) | |
| ) | |

## CONSENT MOTION FOR A STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Tonja Wicks ("Plaintiff") or Defendants American Transmission Company LLC ("ATC") and ATC Management Inc. ("ATC Management"), collectively ("Defendants"), hereby move this Court to enter the parties' Stipulated Protective Order in this action. On March 10, 2008, the Defendants and Plaintiff stipulated to the aforementioned Order and consented to this Motion. In accordance with Local Rule 7(a), Defendants submit the attached memorandum of points and authorities in support of this Motion.

TONJA WICKS

By /s/ Michael J. Hoare
   Michael J. Hoare, Bar No. 206979
   Michael J. Hoare, PC
   1100 14th Street, NW
   Suite 710
   Washington, DC 20005
   (202) 408-7901 (ph)
   (202) 408-7903 (fax)
   Attorneys for Plaintiff

Respectfully submitted,
AMERICAN TRANSMISSION COMPANY LLC
and ATC MANAGEMENT INC.

By  /s/ James L. Banks, Jr.
   James L. Banks, Jr., Bar No. 503261
   Eyana J. Smith, Bar No. 489466
   Seyfarth Shaw LLP
   815 Connecticut Avenue, N.W. Ste. 500
   Washington, DC 20006
   (202) 463-2400 (ph)
   (202) 828-5393 (fax)
   Attorneys for Defendants

Date: March 11, 2008

DC1 30224968.2